UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

DONALD MOXLEY,                                    )
           Plaintiff,                              )
                                                   )
       vs.                                          )                   1:06-cv-1843- RLY-TAB
                                                   )
CIRCUIT CITY STORES, INC.,                    )
           Defendant.                          )

## ORDER ON PLAINTIFF'S DISCOVERY MOTION

Plaintiff filed this action in November 2006.  From that time until the instant discovery

dispute arose, Plaintiff's counsel did not demonstrate much interest in this case.  Defendant's

response to Plaintiff's pending discovery motion sets forth an accurate and telling procedural

history.  [Docket No. 40 at 1-8.] [1]  The Court need not repeat that history here, other than to

observe that Plaintiff's counsel has failed to appear, missed deadlines, and otherwise did very

little on this case until the eve of the liability discovery deadline.

By that time, the Court already had enlarged this deadline twice.  In the original case

management plan, approved by the Court on April 23, 2007, the discovery deadline on issues of

liability was October 27, 2007.  [Docket Nos. 14, 16.]  On June 4, 2007, the Court enlarged all

CMP deadlines by 60 days in response to a telephonic status conference with the parties.

[Docket No. 19.]  The Court then approved a revised CMP further enlarging the discovery

deadline on issues of liability to January 25, 2008.  [Docket No. 26 at 5.]

Plaintiff first requested the discovery he seeks the Court to compel Defendant to produce

on January 24, 2008, when Plaintiff asked for "all material that you used in preparing for the

---

[1] Plaintiff filed no reply to Defendant's response.

deposition of Mr. Moxley and that you presently have that may present a defense for Circuit City

or otherwise are related in any way with the subject matter of the deposition of Mr. Moxley, your

investigation into the case, or Mr. Moxley's employment with Circuit City, absent impressions

and discussions with your client involving how you would prosecute this matter." [Docket No.

40 at ¶ 35; Docket No. 41, Ex. X.] [2]  Plaintiff explained in his letter to Defendant that this

request should present no problem since he was only asking for what Defendant's counsel

already currently had in his possession.  [Docket No. 41, Ex. X; Docket No. 39 at 2.]  On

January 25, 2008, Defendant objected to production of such documents, explaining to Plaintiff

that the local rules require requests for production of documents be served 30 days prior to the

discovery cut-off date.

      The local rules do not explicitly require the timing Defendant suggests.  However, the

reasoned practice in the Southern District of Indiana is that written discovery requests must be

made a full 30 days prior to the discovery deadline to allow for a full response time.  The form

for CMPs in the Southern District of Indiana contains the following discussion on the use of the

term "completed":

> The term "completed," as used in Section III.B ["[a]ll discovery shall be
> completed"], means that counsel must serve their discovery requests in sufficient
> time to receive responses before this deadline. Counsel may not serve discovery
> requests within the 30-day period before this deadline unless they seek leave of
> Court to serve a belated request and show good cause for the same. In such event,
> the proposed belated discovery request shall be filed with the motion, and the
> opposing party will receive it with service of the motion but need not respond to
> the same until such time as the Court grants the motion.

---

[2] Plaintiff also argues that at the close of discovery he had not received interrogatories
from Defendant.  However, Defendant responded to the request for interrogatories on January
25, 2008, the discovery deadline, so this part of the motion is moot.  [*See* Docket No. 41, Exhibit
Z.]

United States District Court Southern District of Indiana, INSD Forms,

http://www.insd.circ7.dcn/Publications/Case%20Mgmt%20Plans/6-19-03UniCMP.pdf. [3]

Likewise, the Northern District of Indiana has explained that "discovery requests served less

than the 30 days provided by the Federal Rules within which to respond are made at the risk of

non-compliance before the end of the discovery period." *Gernaat v. Four Star Taxi, Inc.*, No.

2:07-cv-83, 2008 WL 835698, at *1 (N.D. Ind. March 25, 2008); *see also Spears v. City of

Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("When parties wait until the last minute to

comply with a deadline, they are playing with fire."). For these reasons, Plaintiff's request that

the Court compel discovery is denied.

Plaintiff also requests the Court to extend the discovery deadline or to sanction

Defendant by not allowing it to use any documents associated with the depositions Plaintiff was

unable to conduct but had requested of Defendant. On January 17, 2008, Plaintiff requested

depositions for Howie Chou, Steve Kannottz, Allen McCoullogh, Rebeka Cooper, and Mark

Galbert. Defense counsel took Plaintiff's deposition on January 21, 2008, and as of that time

defense counsel purportedly had been unable to discuss Plaintiff's deposition requests with

Defendant due to the Martin Luther King, Jr. holiday weekend. [Docket No. 40, ¶ 32.] Plaintiff

also asserts that at his deposition he asked Defendant if Clarke, the person who fired Plaintiff,

still worked for Circuit City and would be available for deposition, and was told that Clark did

---

[3] The CMP approved in this case does not include this provision, presumably because the version of the form CMP in effect when the CMP was submitted included this language as a footnote to Track 1 of various suggested case management tracks. When Track 1 was deleted (as occurred in this case, which proceeded under Track 2) the footnote also was deleted. The location of this footnote in the form CMP has subsequently been moved to avoid this result.

still work for Circuit City.  [Docket No. 39, ¶ 5.]   On January 22, 2008, Plaintiff sent Defendant

a fax indicating he also wanted to depose Clarke, who had been left off the list, and that Plaintiff

would be unable to conduct the depositions on a day previously proposed.  [Docket No. 41, Ex.

V.]  Plaintiff asserts that Defendant notified him that same day saying Defendant needed

additional time to secure the parties requested for the depositions.  Plaintiff says he "did not

object believing that defendant would make the parties available for deposition in a timely

manner even if after the CMP's planned end of discovery for liability issues."  [Docket No. 39, ¶

10.]

On January 24, 2008, Defendant sent Plaintiff a letter by fax indicating that David Clark,

Rebekah Cooper, Alan McCollough, and Howard Chow were no longer with Circuit City.

[Docket No. 41, Ex. W.]  Additionally, Circuit City had no record of Mark Galbert, but

suggested Plaintiff meant Mark Gabbard, who was no longer with Circuit City.  [*Id.*]  Likewise,

it had no record of Steve Kannottz but suggested Michael Kanotz.  [*Id.*]  Circuit City concluded

by objecting to any further discovery in this case, which "has been dragging on for quite some

time."  [*Id.*]  Based on this sequence of events, Plaintiff claims that "Defendant negligently or

intentionally misled plaintiff so as to gain an advantage in determination of matters crucial to the

case."  [Docket No. 39, ¶ 26.]

As a preliminary matter, Plaintiff has failed to comply with Local Rule 37.1, which

requires Plaintiff to file with his motion a separate statement showing that his attorney made a

reasonable effort to reach an agreement with opposing attorneys on the matter.  Even

overlooking this shortcoming, Plaintiff has failed to show excusable neglect for requesting an

extension of time after the passing of the discovery deadline.  *See* Fed. R. Civ. P. 6(b)(2);

*Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005).  The Court understands

that Plaintiff's counsel has had some health difficulties.  Nevertheless, as demonstrated by the

procedural history in this case, Plaintiff has had plenty of time to conduct discovery or timely

request enlargements of time if needed, which the Court has been free to give.  However,

Plaintiff did not avail himself to these opportunities.  Consequently, the Court denies Plaintiff's

motion for extension of time on discovery.

In the alternative, Plaintiff requests sanctions be imposed on Defendant such that

Defendant be precluded from using any documents "that were made or produced by individuals

that Plaintiff requested depositions of, that defense counsel falsely acknowledged as being

employees of defendant and later stating that they were not, or otherwise refused to make

available."  The present situation is primarily, if not completely, the result of Plaintiff's own

procrastination.  Accordingly, sanctions are not appropriate.

For the reasons set forth above, the Court denies Plaintiff's motion to compel documents

and extend the discovery deadline or impose sanctions on Defendant.  [Docket No. 39.]

Dated:   04/18/2008

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Lindsay T. Boyd
ltboyd@lboyd.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.kaiser@odnss.com